IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| EDDY LEE SPEARMAN | § | |
| VS. | § | CIVIL ACTION NO. 9:15-CV-140 |
| WILLIAM STEPHEN, *et al.*, | § | |

### MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Eddy Lee Spearman, a prisoner currently confined at the Eastham Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed what appeared to be a Federal Tort Claim against defendants William Stephen, Brad Livingston, Jessie Owens, TDCJ-CID, and the Board of Pardons and Parole.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends the complaint be dismissed as barred by the applicable statute of limitations.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds plaintiff's objections lacking in merit. "Under federal law, a cause of action accrues the moment the plaintiff knows or has reason to know of the injury that is the basis of his complaint." *Helton v. Clements,* 832 F.2d 332, 334-35 (5th Cir. 1987) (citing *Rubin v. O'Koren*, 621 F.2d 114, 116 (5th Cir. 1980)). "Thus, the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury *or has sufficient information to know that he has been injured*." *Id*. (emphasis added). The plaintiff "need

not realize that a legal cause of action exists; a plaintiff need only know the facts that would support a claim." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995) (citing *Harrison v. United States*, 708 F.2d 1023, 2017 (5th Cir. 1983)).

As outlined by the Magistrate Judge, plaintiff was aware he was allegedly being improperly held, at the latest, by September 26, 2007. Plaintiff thus had until September 26, 2009 to file suit. Plaintiff's suit filed October 12, 2015, is over six years too late and is barred by the statute of limitations.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A Final Judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So Ordered and Signed**
**Aug 28, 2018**

_____
Ron Clark, Senior District Judge